IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| HOWARD EDWARD GILMORE, | ) | Case No. 23-01238-TOM-13 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION AND ORDER

This case came before the Court on October 19, 2023 for a hearing on confirmation of the Debtor's Chapter 13 plan, the Trustee's Objection to Confirmation and Motion to Dismiss (Doc. 18), and the oral objection to confirmation raised by Candace Yvonne Fortier-Gilmore. Appearing before the Court were Howard Edward Gilmore, the Debtor; Chad Cotant, counsel for the Debtor; Brad Caraway, Chapter 13 Trustee; and Candace Yvonne Fortier-Gilmore.[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(L).[3] The Court has considered the pleadings, the arguments, and the law, and finds and concludes as follows.[4]

---

[1] Ms. Fortier-Gilmore appeared telephonically.
[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
    The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.
[3] 28 U.S.C. §157(b)(2)(G) provides as follows:
    (b)(2) Core proceedings include, but are not limited to–
    . . . .
    (L) confirmations of plans[.]
[4] This Memorandum Opinion and Order constitutes findings of facts and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

# FINDINGS OF FACT[5]

In this bankruptcy case filed on May 9, 2023, Mr. Gilmore, the Debtor, seeks confirmation of his amended Chapter 13 Plan (Doc. 32, the "Plan") dated August 22, 2023. The Chapter 13 Trustee filed a formal Objection to Confirmation and Motion to Dismiss (Doc. 18), and the Debtor's former wife, Ms. Candace Yvonne Fortier-Gilmore, objected to confirmation based on Mr. Gilmore's proposal to surrender real property (the "Property") located in Corona, California. The Property, awarded to Ms. Fortier-Gilmore during the parties' divorce, secures a debt owed by Mr. Gilmore to SC Metro, LLC that was incurred during their marriage. In addition, the Property secures what appears to be a first mortgage debt to Shellpoint Mortgage Servicing; Mr. Gilmore also proposes to surrender the Property to Shellpoint Mortgage Servicing and Ms. Fortier-Gilmore has raised no objection to this provision of his Plan. *See* Doc. 32, at 3.[6]

Ms. Fortier-Gilmore in effect contends that Mr. Gilmore is responsible for the debt and that he should provide for its payment through his bankruptcy case. Mr. Gilmore disagrees. Ultimately, as this Court will explain, the dispute has no bearing on whether or not the Plan should be confirmed.

In June 2007, Mr. Gilmore signed a Home Equity Credit Line Revolving Loan Agreement (the "HELOC") thereby incurring the debt now owed to SC Metro, LLC.[7] Doc. 49, Ex. A, at 1. Ms. Fortier-Gilmore did not sign the HELOC; however, both Ms. Fortier-Gilmore and Mr. Gilmore signed a Long Form Deed of Trust and Assignment of Rents for Home Equity Revolving

---

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] *See also* SC Metro, LLC's Motion for Relief from the Automatic Stay, Doc. 49, at 4 (noting that Shellpoint Mortgage Servicing holds a first lien on the Property while SC Metro, LLC holds a second lien); and notes 14, 16, *infra*.

[7] The debt was originally owed to Residential Capital Mortgage Income Fund, LLC then later assigned to SC Metro, LLC. Doc. 49, at 1-2.

2

Line of Credit (the "Deed of Trust") that created a lien on the Property securing the HELOC debt. Doc. 49, Ex. B, at 2. Thus, even though Ms. Fortier-Gilmore did not sign the HELOC, she did, along with Mr. Gilmore, create a lien that still encumbers the Property by signing the Deed of Trust. On or about October 21, 2015, while the parties were still married, Mr. Gilmore entered into a Loan Modification Agreement[8] regarding the HELOC;[9] Ms. Fortier-Gilmore did not sign the Loan Modification Agreement either. Doc. 49, Ex. D, at 1.

When the parties were divorced in January 2021, they entered into a Stipulation for Judgment that, among other things, contains their agreement regarding the Property. Doc. 67. The Stipulation for Judgment provides, in relevant part:

> **III. DISPOSITION OF PROPERTY**
> . . . .
> B. As to any of the properties transferred to either of the parties hereunder, the party so receiving same undertakes and agrees hereby to pay any and all accrued taxes, assessments, mortgages or any monies or obligations due thereon forthwith as they become due and shall defend and hold the other party harmless and indemnified therefrom, except as expressly provided otherwise herein.
> . . . .
> E. Each spouse will receive any assets listed in this agreement as his or her sole and separate property and each party will be solely responsible for paying the encumbrances on any assets or the debts assigned to him or her and will hold the other harmless from those debts.
> **F. Petitioner is awarded the following assets:**
> . . . .
> 7. Real Property located at 3517 Galatea Way, Corona, California. Petitioner [Ms. Fortier-Gilmore] shall remove Respondent's [Mr. Gilmore] name from the home loan within 9 months from the entry of this judgment.
>
> **IV. DISPOSITION OF DEBTS**
> . . . .
> **C. Respondent is awarded the following debts:**
> . . . .

---

[8] The Loan Modification Agreement had no effect on the lien created by the Deed of Trust.
[9] As reflected in the Loan Modification Agreement and the Account Closing Statement attached thereto, Del Toro Loan Servicing, Inc. ("Del Toro") services the loan. Doc. 49, Ex. D, at 1, 7. In this Opinion and Order, SC Metro, LLC and Del Toro may be used interchangeably.

3

> 2. Any debts incurred in the sole name of the party during the marriage.

Doc. 67, at 7-9.[10] The Stipulation for Judgment was signed by both Ms. Fortier-Gilmore and Mr. Gilmore, as well as their respective counsel, and ordered by the California Superior Court, Riverside County, on January 22, 2021. The Property was deeded to Ms. Fortier-Gilmore by way of an Interspousal Grant Deed executed on October 20, 2021. Doc. 49, Ex. E, at 2.[11]

Since then, Ms. Fortier-Gilmore brought the divorce case back before the California state court. According to a filing she made in this Court's ECF system, the California state court issued a Ruling on Matter Submitted (Doc. 25, the "California Ruling") on May 16, 2023. The California Ruling provides in part:

> The court finds the evidence presented supports Petitioner's [Ms. Fortier-Gilmore] position that the HELOC debt was assigned to Respondent [Mr. Gilmore], as it was a debt solely in his name.
> . . . .
> The Court therefore confirms that the Del Toro HELOC (reassigned to SC Metro) is awarded in its entirely to Respondent as his sole and separate debt.
> The court orders Respondent to remove this debt from Petitioner's property by June 12, 2023 by any legal means necessary.

Doc. 25, at 3-4.[12]

---

[10] The Stipulation for Judgment was not initially provided to this Court. Counsel for Mr. Gilmore entered it into the Court's ECF system on October 23, 2023, at the Court's direction. Doc. 67.

[11] The Interspousal Grant Deed was signed by Ms. Fortier-Gilmore; however, Mr. Gilmore did not sign the deed himself. The deed was signed on his behalf by Carolyn Jones, Division Manager of the Clerk of the Superior Court, County of Riverside, State of California, pursuant to a court order dated October 1, 2021.

[12] The California Ruling also provides:

> Court subsequently rules on matter taken under submission on 05/10/23 as follows: 05/10/2023 for
> Hearing re: Request for Order re: Other: Request Order to be set aside
> Request that the home be refinanced, as stated in the divorce decree filed on 01/09/2023.

Doc. 25, at 3. This Court does not have access to the docket sheet from the parties' divorce case but the Stipulation for Judgment filed into ECF by Mr. Gilmore's counsel was signed by the California court on January 22, 2021. Doc. 67, at 15. This Court presumes, but makes no finding, that January 9, 2023, was the date Ms. Fortier-Gilmore filed something to bring the divorce case back in front of the California court. If the Court is correct, Ms. Fortier-Gilmore filed something in the divorce case in the California court prior to Mr. Gilmore's bankruptcy filing on May 9, 2023. The California Ruling was issued May 16, 2023, after the bankruptcy filing.

Mr. Gilmore filed his bankruptcy petition and schedules on May 9, 2023. He included in his list of secured creditors on Schedule D the HELOC debt owed to Del Toro. Doc. 1, at 20. On August 22, 2023, Mr. Gilmore filed the amended Chapter 13 Plan[13] that is currently before the Court for confirmation, and wherein he proposes to surrender the Property to Del Toro:

3.5 Surrender of collateral. *Check one.*

☐ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
| --- | --- |
| Del Toro Loan Servicing Inc. | 2nd Lien on House & Lot located at 3517 Galatea Way Corona, CA 92882 Riverside County<br>House & .18 Acres (Real Property awarded to ex-spouse in divorce) |
| Shellpoint Mortgage Servicing | 3517 Galatea Way Corona, CA 92882 Riverside County<br>House & .18 Acres (Real property awarded to ex-spouse in divorce) |

Doc. 32, at 3.[14] During the hearing in this Court on October 19, 2023, Mr. Gilmore stated that he did not pay off the HELOC debt or otherwise have the lien removed from the Property. According to his counsel, Ms. Fortier-Gilmore was supposed to get the debt refinanced in her name but failed to do so; instead, Mr. Gilmore filed his bankruptcy case and Ms. Fortier-Gilmore went back before the California state court. When asked by this Court whether or not he received notice of the action in California, Mr. Gilmore responded:

> Only thing I got served by Ms. Fortier going to court every other month. She was supposed to refinance the house out of my name and into her name and I gave all interest in the house.

It is thus not clear whether Mr. Gilmore received notice of the action.

Mr. Gilmore's counsel noted that Ms. Fortier-Gilmore did not come before this Court to seek relief from the automatic stay prior to obtaining the California Ruling and, as a result, he

---

[13] Mr. Gilmore's original Chapter 13 plan (Doc. 2) was filed on May 9th, amended (Doc. 24) on July 3rd, then amended again (Doc. 32) on August 22nd.
[14] Mr. Gilmore also proposes to surrender the Property to Shellpoint Mortgage Servicing, the holder of the first mortgage. Ms. Fortier-Gilmore agrees that she is responsible for this debt, and this does not seem to be a point of contention between the parties.

5

alleged the California Ruling is void.[15] Regardless, this Court advised Mr. Gilmore at the hearing that he may face consequences in the California court based on his failure to comply with the California Ruling directing him to "remove this debt from [Ms. Fortier-Gilmore's] property by June 12, 2023 by any legal means necessary." Furthermore, this Court advised Mr. Gilmore that it cannot control whatever actions may be pursued in the California court.[16] Mr. Gilmore informed the Court that he understood, and his counsel represented that he would speak with Mr. Gilmore about the issue.

Ms. Fortier-Gilmore has orally objected to the language in Part 3.5 of Mr. Gilmore's Plan regarding surrender of the Property to Del Toro. At the October 19th hearing, the Court noted its understanding that Ms. Fortier-Gilmore did not approve of the language Mr. Gilmore used in the Plan; however, the Property was awarded to Ms. Fortier-Gilmore in the divorce, and the Plan language did not mean that the HELOC debt (or "second mortgage")[17] was awarded to her. In response, at first, Ms. Fortier-Gilmore stated she did not object to confirmation so long as Del Toro would be getting paid and Mr. Gilmore was working to remove the lien from the Property. After this Court explained that the Plan did not propose either of the points that Ms. Fortier-Gilmore mentioned, Ms. Fortier-Gilmore stated that she did object to Mr. Gilmore's Plan. The Court then

---

[15] Mr. Gilmore filed this bankruptcy case on May 9, 2023. As noted previously, Ms. Fortier-Gilmore may have filed whatever document that brought the divorce case back before the California court on or around January 9, 2023, before the bankruptcy filing date. The California court's ruling was issued on May 16, 2023, one week after the bankruptcy case was filed. Counsel for Mr. Gilmore indicated the possibility of bringing an adversary proceeding against Ms. Fortier-Gilmore for violating the automatic stay.

[16] As noted by Mr. Gilmore's counsel at the October 19th hearing, counsel will determine whether it is appropriate to pursue Ms. Fortier-Gilmore for any bankruptcy law violations for actions she may take, or have taken, in the California state court.

[17] Upon occasion in hearings, the HELOC debt has been referred to as a "second mortgage" or "lien." Ms. Fortier-Gilmore takes issue with this characterization, as she stated to the Court that it is not a mortgage but is instead a Home Equity Credit Line Revolving Loan Agreement. This Court explained at the hearing that regardless of what the debt is called it is secured by a lien on the Property and thus is effectively a second mortgage on the Property.

explained that unless Ms. Fortier-Gilmore had a legal basis grounded in bankruptcy law then her objection was not well-founded.

It should be noted that SC Metro, LLC's Motion for Relief from Automatic Stay (Doc. 49) was granted pursuant to the Consent Order Modifying/Lifting Automatic Stay entered October 23, 2023. Doc. 68. In effect, lifting the automatic stay as to SC Metro, LLC allows it to pursue its state law remedies regarding the second mortgage or lien on the California Property.

## **CONCLUSIONS OF LAW**

Confirmation of a Chapter 13 plan is governed by Bankruptcy Code § 1325. *See* 11 U.S.C. § 1325. A leading bankruptcy treatise, *Collier on Bankruptcy*, has explained:

> Section 1325(a) of the Bankruptcy Code sets forth a list of standards for confirmation of a chapter 13 plan. The bankruptcy court, after conducting the hearing mandated by section 1324, must confirm any chapter 13 plan meeting all of the criteria for confirmation prescribed by section 1325(a), except as provided in section 1325(b). The Code and its legislative history are emphatic that confirmation is not discretionary with the court once these criteria have been satisfied.

8 Collier on Bankruptcy ¶ 1325.01 (16th ed. 2023) (footnotes omitted).[18] In this case, Ms. Fortier-Gilmore objects to the language in Part 3.5 of the Plan wherein Mr. Gilmore proposes to surrender his interest in the Property to the creditors holding liens on the property; thus, most of the conditions of Bankruptcy Code § 1325(a) are not at issue here.

The relevant portion of Bankruptcy Code § 1325(a) provides that a debtor must make provisions for holders of secured claims. One way to do so is by surrendering the property securing the claim to the creditor who holds the claim. 11 U.S.C. § 1325(a)(5)(C). According to *Collier*, "[s]urrender in this context means simply the relinquishment of any rights in the collateral." 8 Collier on Bankruptcy ¶ 1325.06 (16th ed. 2023). Mr. Gilmore actually relinquished his rights in

---

[18] Bankruptcy Code § 1325(b) addresses the amount to be paid by a debtor under a plan and is not relevant to the dispute between the parties.

the Property when the Interspousal Grant Deed was executed in 2021. Mr. Gilmore has properly proposed in his Plan to provide for the secured HELOC debt by surrendering the Property pursuant to Bankruptcy Code § 1325(a)(5)(C). Ms. Fortier-Gilmore's objection to the proposed Plan based on the language in Part 3.5 of the Plan is without merit.

As Ms. Fortier-Gilmore acknowledged at the October 19th hearing, her objection to the Plan is ultimately based on the fact that Mr. Gilmore has not proposed to pay the HELOC debt. She has produced to this Court the California Ruling wherein the California court ordered Mr. Gilmore to "remove this debt from [Ms. Fortier-Gilmore's] property by June 12, 2023 by any legal means necessary." However, the question of whether or not Mr. Gilmore should pay the debt or remove the lien from her property is not before this Court.[19] The only issue before the Court regarding the HELOC debt is whether Mr. Gilmore provided for it in accordance with Bankruptcy Code § 1325(a). Because the Plan provides that the property is surrendered to Del Toro as permitted under Bankruptcy Code § 1325(a)(5)(C), Ms. Fortier-Gilmore's objection is due to be overruled. The Court also finds and concludes that the Trustee's Objection to Confirmation and Motion to Dismiss is due to be overruled. Further, this Court finds and concludes that the Plan complies with all applicable provisions of the Bankruptcy Code, including Bankruptcy Code § 1325; therefore, the amended Plan dated August 22, 2023 (Doc. 32) is due to be and shall be confirmed. It is therefore

**ORDERED, ADJUDGED, and DECREED** that the Objection to Confirmation and Motion to Dismiss filed by the Chapter 13 Trustee is **OVERRULED**; it is further

---

[19] It may be unfortunate, but very often bankruptcy law and domestic relations law collide. The fact is that the lien securing the HELOC debt is on Ms. Fortier-Gilmore's Property and she will have to deal with the lien, perhaps in the California court, just as Mr. Gilmore may have to deal with any consequences of his non-compliance with the California Ruling. A bankruptcy court and a domestic-relations court should each "stay in its own lane" and resolve the issues properly before each court. Generally, in most situations neither court is able to resolve all the disputes between former spouses.

**ORDERED, ADJUDGED, and DECREED** that the oral objection to confirmation by Ms. Yvonne Fortier-Gilmore is hereby **OVERRULED**; it is further

**ORDERED, ADJUDGED, and DECREED** that Mr. Gilmore's amended Chapter 13 Plan dated August 22, 2023 shall be confirmed by way of a separate confirmation order to be entered as soon as practicable.

Dated: November 9, 2023            /s/ Tamara O. Mitchell
                                                 TAMARA O. MITCHELL
                                                 United States Bankruptcy Judge

TOM/dgm